IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | |
| CHARLES ZANDFORD | : | Bankruptcy Case No. 05-13305 |
| Debtor | : | |
| CHARLES ZANDFORD | : | |
| Appellant | : | |
| v. | : | Civil Action No. 07-611 GMS |
| TRUSTEE ALFRED THOMAS GIULIANO | : | |
| Appellee | | |

MOTION TO TAKE LEAVE OF COURT TO AMEND ISSUES ON APPEAL
AND DESIGNATION OF THE RECORD

FILED
2008 JAN 31 PM 1:51
CLERK, U.S. DISTRICT COURT
DISTRICT OF DELAWARE

The Debtor/Appellant, Charles Zandford, respectfully submits this motion to take leave of Court to amend the issues on appeal and designation of record. This amendment is necessitated due to new developments during a hearing held on December 13, 2007, before the Honorable Peter J. Walsh, United States Bankruptcy Judge, in regards to the Debtor's motion for reconsideration of the Bankruptcy Court's Order of September 6, 2007, granting the Panel Trustee's motion compelling the Debtor to produce 6 months of pre-petition bank statements 18 months after his discharge and in absence of any evidence implicating him of any misconduct. Given these facts, the plain implication of the Trustee's motion is to launch a fishing expedition in hopes of locating omitted assets to revoke the Debtor's discharge.

During this hearing, Judge Walsh made statements that plainly establish his lack of familiarity with certain facts of the case and some related law which had erroneously formed the basis of his Order. Furthermore, the Trustee's counsel and a representative from the District office of the United States Trustee presented new and conflicting arguments in support of the Trustee's motion. Hence, this amendment follows:

## ISSUES ON APPEAL

1. Does the Bankruptcy Courts Order of September 6, 2007, granting the Trustee's motion compelling the debtor to produce 6 months of pre-Petition bank statements 18 months after his discharge constitute a clear error when the Trustee's motion only referenced law governing pre-discharge duties of the debtor and the Trustee?

2. Does the Bankruptcy Code place a statutory duty on a Chapter 7 Trustee to investigate the financial affairs of a debtor prior to granting discharge?

3. Is the scope of the Trustee's statutory duty to investigate determined by the debtor's case's status. Is the trustee's authority to investigate primarily intended for pre-discharge use, and limited post-discharge?

4. Post-discharge, when fraud is implicated, is the Trustee required to first establish fraudulent activity by a significant quantum of evidence before seeking to examine the debtor?

5. Does the trustee exceed the scope of his statutory duty when he moves to compel the debtor to produce 6 months of pre-petition bank statements 18 months after discharge, and in absence of any evidence implicating the debtor of misconduct, but as a basis to

1

launch a fishing expedition in hopes of locating omitted assets to revoke the debtor's discharge?

6. Does the Bankruptcy Court's lack of familiarity with some facts of the case and some related law which formed the basis of its Order constitute abuse of discretion?

7. Does the Bankruptcy Code permit the Chapter 7 Trustee to squander the assets of the bankruptcy estate for the benefit of his counsel by filing frivolous and harassing discovery motions?

## DESIGNATION OF RECORD

1. Transcript of September 6, 2007, hearing.

2. Transcript of December 13, 2007, hearing.

3. Copy of Debtor's pro se answer to question 19 of schedule B.

4. Copy of Mr. Obrecht's letter dated January 23, 2007.

5. Copy of Panel Trustee's Motion To Compel Debtor To Turn Over Records.

6. Copy of United States Trustee Manual Volume 5: Chapter 5-2 (Detecting Fraud and Abuse).

7. Copy of United States Trustee Manual's Table of Contents Volume 2: Chapter 2-2 (Administration of Chapter 7 Estates).

8. Copy of a page from Trustee's counsels Interim Fee Application.

9. Copy of an interview with Director and Deputy Director of the Executive Office for United States Trustee dated August 1999.


Respectfully submitted,

*Charles Zandford*
Charles Zandford
10 N.E. 4th St.
Milford, DE., 19963
(302) 725-0655

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of his 'Motion To Take Leave Of Court To Amend Issues On Appeal And Designation of Record" was served via first class mail, postage prepaid, on this 30th day of January, 2008, upon the following:

Jeffrey S. Cianciulli
Suite 500
1339 Chestnut St.
Phila., PA. 19107-3519


*Charles Zandford*
Charles Zandford



Charles Zandford
10 NE 4th St
Milford DE 19063

Ronald Eberhard, Intake supervisor
U.S. District Court for the District of Delaware
4209 Federal Building
844 King Street, Room 4209
Wilmington, Delaware 19801