# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| CHARLES ZANDFORD, | : | Bankruptcy Case No. 05-13305 |
| | : | |
| Debtor, | : | |
| | : | |
| CHARLES ZANDFORD, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | Civil Action No. 07-611GMS |
| | : | |
| TRUSTEE ALFRED THOMAS | : | |
| GIULIANO, | : | |
| | : | |
| Appellee. | : | |

**APPLICATION FOR RELIEF IN THE NATURE OF A MOTION TO QUASH**

Appellee, Alfred Thomas Giuliano, the Chapter 7 Trustee ("Trustee"), by and through its undersigned counsel, hereby moves pursuant to Fed.R.A.P. 27 to quash the instant appeal, and in support thereof, states as follows:

1.      On October 11, 2005 (the "Petition Date"), Charles Zandford (the "Debtor"), filed a voluntary petition for relief under Chapter 7, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware.

2.      On or about October 12, 2005, Alfred T. Giuliano was appointed as the Chapter 7 Trustee in the Debtor's case.

3.      In order to perform his statutory duties pursuant to Section 704(a) of the Bankruptcy Code, the Trustee is permitted review any and all assets of the Debtor (and documents such as bank statements) in order to determine the value of any assets of the

bankruptcy estate and thereafter, to administer the Debtor's estate for the benefit of the Debtor's creditors.

4.    Pursuant to Section 521(a)(3) and (4) of the Bankruptcy Code, the Debtor shall cooperate with the Trustee to allow the Trustee to perform his duties pursuant to Section 704(a) and in that regard, the Debtor shall surrender to the Trustee all property of the estate requested by the Trustee, including all books, documents and any and all records of Debtor's estate.

5.    On March 8, 2007, Trustee's counsel requested Debtor to produce all of his bank statements for any and all deposit accounts maintained by the Debtor for the six month period immediately preceding the bankruptcy filing.  A copy of the letter dated March 8, 2007 is attached hereto as Exhibit "A".

6.    Debtor responded on March 12, 2007 indicating he would contact the banking institutes and would forward the requested bank statements. A copy of the letter dated March 12, 2007 is attached hereto as Exhibit "B".

7.    On April 2, 2007, Trustee's counsel advised Debtor that he had not received the documents requested in his March 8, 2007 letter and advised the Debtor if he did not produce the documents within ten days, he would be filing a motion to compel Debtor to produce the records. A copy of the letter dated April 2, 2007 is attached hereto and marked as Exhibit "C".

8.    On April 5, 2007, Debtor responded to Trustee's counsel indicating his refusal to produce the requested documents.  A copy of the letter dated April 5, 2007 is attached hereto as Exhibit "D".

9.    Thereafter, On July 31, 2007, the Trustee filed a motion to compel the Debtor to produce the requested documents (the "Motion to Compel").

10. On September 6, 2007, after hearing on the Trustee's Motion to Compel, the Honorable Peter J. Walsh of the United Stated Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order requiring the Debtor to produce the documentation requested by the Trustee (the "Order Compelling Production"). A true and correct copy of the Order Compelling Production is attached hereto as Exhibit "E".

11. By notice of appeal filed on September 12, 2007, the Debtor has appealed from the Order Compelling Production and from various orders denying several requests by the Debtor to have the Bankruptcy Court reconsider its Order Compelling Production.

12. The Order Compelling Production is an interlocutory order which, under controlling law, is not immediately appealable in the absence of leave from the Bankruptcy Court and, therefore, this appeal should be quashed as interlocutory and premature.

13. Despite Debtor's unsupported statement to the contrary, the Order from which Debtor has appealed is not a final judgment, order or decree and, therefore, this Court does not have jurisdiction to hear this appeal pursuant to 28 U.S.C. §157(a)(1).

14. As finality of the order at issue is the only basis upon which Debtor suggests that this Court may exercise jurisdiction to entertain the instant appeal, and since the Debtor failed to request leave of the Bankruptcy Court to immediately appeal the interlocutory order at issue, this court should immediately dismiss this appeal.

15. Trustee asserts that this Court does not enjoy jurisdiction over the instant appeal because the order at issue is an interlocutory order, which is not immediately appealable without leave of the Bankruptcy Court to do so pursuant to 28 U.S.C. §157(a)(3), which grants the District Court jurisdiction to hear an appeal of an interlocutory order of the bankruptcy court only if the a party first seeks and secures leave of the bankruptcy court to appeal such order.

16.     There exists no doubt that Debtor failed to seek or secure such leave from the Bankruptcy Court.

17.     Trustee respectfully submits that this appeal should be dismissed because this Court lacks jurisdiction to hear this appeal.

18.     Despite the Debtor's incorrect and baseless statement in his Appellant's Brief that the Order Compelling Production is final, this Court must make its own determination that finality does, in fact, exist.  *In re Enprotech Corp.*, 983 F.2d 17, 18 (3d Cir. 1993).

19.     In *In re Enprotech Corp.*, the Third Circuit, citing and quoting to the United States Supreme Court in its decision in *Coopers & Lybrand v. Livesay*, 437 U.S. 463 (1978), stated as follows:  "The Supreme Court has consistently interpreted [the language of 28 U.S.C. Section 1291] as indicating that a party may not take an appeal under this section until there has been "a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment'".

20.     On October 22, 2007, the court appointed mediator, J. Richard Tucker, Esquire, submitted a letter brief to this Court in which he recognized that the instant appeal, appearing to be interlocutory in nature, is not "a proper subject for appeal."  A true and correct copy of J. Richard Tucker, Esquire's letter brief is attached hereto as Exhibit "F".

21.     The United States Court of Appeals for the Third Circuit, citing to a number of decisions by the United States Supreme Court, has decided that a decision regarding a motion to compel production of documents, in and of itself, is not sufficiently collateral as to allow an immediate appeal.  *In re Enprotech Corp.*, 983 F.2d at 20 ("Pretrial discovery orders generally are not "final decisions" within the meaning of 28 U.S.C. section 1291.")

22.    The Order Compelling Production does not dispose of any claim.    In fact, the Trustee has not sought enforcement (by motion for sanctions against the Debtor or otherwise) of the Order Compelling Production.

23.    The Trustee respectfully submits that a simple order compelling production of documentation, in the absence of some penalty for failure to comply, may not immediately be appealed.

24.    In short, the Order Compelling Production is a non-appealable, interlocutory order, and this appeal must be quashed.

WHEREFORE, Appellee, Alfred Thomas Giuliano, respectfully requests that this Court quash the instant appeal.

Respectfully Submitted,
WEIR & PARTNERS LLP


 /s/ Jeffrey S. Cianciulli, Esquire
Jeffrey S. Cianciulli, Esquire
Suite 500, The Widener Building
1339 Chestnut Street
Philadelphia, PA 19107
(215) 665-8181
Attorneys for Chapter 7 Trustee


Dated: March 18, 2008

EXHIBIT "A"

LAW OFFICES

# WEIR & PARTNERS LLP

THE WIDENER BUILDING • SUITE 500
1339 CHESTNUT STREET
PHILADELPHIA, PA 19107

———

(215) 665-8181
(215) 665-8464 FAX

Jeffrey S. Cianciulli                                        Direct Dial (215) 241-7740
Member of PA, NJ & DE Bar                                    E-Mail: jcianciulli@weirpartners.com

March 8, 2007

Mr. Charles Zandford
420 Union Street
Milton, DE 19968

Re:     **Charles Zandford; Bankruptcy Case No. 05-13305**

Dear Mr. Zandford:

As you know, this firm represents Alfred Thomas Giuliano, the appointed Chapter 7 Trustee in your bankruptcy case. As part of the Trustee's administration of the case and in order for the Trustee to complete his review of your assets, the Trustee requires that you provide to him within fourteen (14) days of the date of this letter, a copy of all bank statements for any deposit accounts maintained by you for the six-month period immediately preceding the filing of your bankruptcy case on October 11, 2005.

I am available to discuss this matter with you if necessary. Otherwise, kindly forward the requested documentation to me as directed.

Very truly yours,

Jeffrey S. Cianciulli

JSC/cdr

cc:     Alfred T. Giuliano, Chapter 7 Trustee

EXHIBIT "B"

March 12, 2007

Re:  Charles Zandford; Case # 05-13305

Dear Mr. Cianciulli:

I am in receipt of your letter dated March 8, 2007. Please be advised that I may not be able to provide you with the documents you have requested within 14 days of the date of your letter because I no longer have them.  I will contact each institution involved for copies and will forward them to you as I receive them.

Sincerely yours,

Charles Zandford

EXHIBIT "C"

LAW OFFICES

# WEIR & PARTNERS LLP

THE WIDENER BUILDING • SUITE 500
1339 CHESTNUT STREET
PHILADELPHIA, PA 19107

---

(215) 665-8181
(215) 665-8464 FAX

Jeffrey S. Cianciulli                    Direct Dial (215) 241-7740
Member of PA, NJ & DE Bar                E-Mail: jcianciulli@weirpartners.com


April 2, 2007


Mr. Charles Zandford
420 Union Street
Milton, DE 19968

**Re:**     **Charles Zandford; Bankruptcy Case No. 05-13305**

Dear Mr. Zandford:

      You have not produced copies of your bank statements as requested in our letter dated March 8, 2007. Please produce these documents within ten (10) days of the date of this letter or we will file a motion to compel you to do so.

Very truly yours,

Jeffrey S. Cianciulli

JSC/cdr

cc:     Alfred T. Giuliano, Chapter 7 Trustee

EXHIBIT "D"

April 5, 2007

Re:    **Charles Zandford; Case # 05-13305**

Dear Mr. Cianciulli:

I am in receipt of your letter dated April 2, 2007. Pursuant to my letter of 12 March 2007, in response to your letter of March 8, 2007, I have contacted the various financial institutions that I have/had deposit accounts with, and I have been told that the complete reproduction of the records you have requested could be costly, and time consuming. Therefore, I will not be able to meet your deadline for reasons of time and finances.

Furthermore, and more importantly, in your letters demanding my financial records for the 180 days preceding the filing of my chapter 7 petition on October 11, 2005, for the purposes of an audit, you have failed to cite any legal authority to support your demands. Therefore, I do not know whether your demand for an audit at this point in this bankruptcy case is justified or not.

Had you exercised a modicum of professionalism and informed me of the legal basis of your request, this matter may have been resolved without the Court's intervention.

Sincerely yours,

Charles Zandford

EXHIBIT "E"

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 7 |
| **CHARLES ZANDFORD,** | : | |
| | : | Case No. 05-13305(PJW) |
| | : | |
| Debtor. | : | re: docket 97 |

### ORDER

AND NOW, this __6__ day of July, 2007, upon consideration of the Motion of Trustee to Compel the Debtor to immediately produce bank statements for any and all deposit accounts maintained by the Debtor for the six month period immediately preceding the bankruptcy filing (the "Motion"); it is hereby ORDERED as follows:

1.    The Motion is GRANTED;

2.    Debtor, Charles Zandford, shall, on or before, _Nov. 6_, 2007, produce all bank statements for any and all deposit accounts maintained by the Debtor for the six month period immediately preceding the bankruptcy filing; and

3.    Upon further application to this Court, appropriate sanctions will be imposed by the Court for any failure to comply with this Order.

BY THE COURT:

PETER J. WALSH U.S.B.J.

*Filed on July 31, 2007*
*Reference Docket No. _____*

7/31/07
CM/ECF #97

EXHIBIT "F"



MARON MARVEL BRADLEY & ANDERSON, P.A.

J. RICHARD TUCKER
Attorney At Law

Email Address:
jrt@maronmarvel.com

Direct Dial:  (302) 472-1776

Admitted in TX & CA

1201 NORTH MARKET STREET
SUITE 900
WILMINGTON, DELAWARE 19801
(302) 425-5177 | (302) 425-0180 fax

*Mailing Address:*
P.O. Box 288
Wilmington, Delaware 19899

October 22, 2007

FILED

OCT 2 2 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned

The Honorable Gregory M. Sleet, Chief Judge
USDC District of DE
844 N. King Street
Wilmington  DE 19801

**In re:  Charles Zandford CA 07-611 (GMS) USDC - DE**
**Case No. 05-13305 (PJW) US Bankruptcy Court for District of DE**

Dear Honorable Judge Sleet:

On October 5, 2007, there was filed a Notice of Appeal from Bankruptcy Court from the Order entered September 6, 2007, by Judge Walsh in Case No. 05-13305 (PJW) [copy attached].

The undersigned was appointed mediator by the District Court, upon the appeal of this matter, according to the Standing Order, dated July 23, 2004, Governing Mediation of Appeals from the United States Bankruptcy Court for this District.

Based upon review of the Order below and the Appeal Notice, the mediator believes that the *pro se* bankrupt is attempting to appeal Judge Walsh's ruling on discovery matters. Because discovery matters are interlocutory in nature and, under normal circumstances, would not be a proper subject for appeal, mediation, likewise, appears not to be available.

The undersigned respectfully awaits any instruction from this Honorable Court.

Respectfully submitted,

J. Richard Tucker

Attachment

cc:  Elizabeth Dinan, USDC-DE
     Charles Zanford, Pro Se
     Jeffrey S. Ciuncillia, Esq.

{99999.00936 LW02604301}MARON MARVEL BRADLEY & ANDERSON, P.A.  |  Affiliated Counsel in NJ:  MARON MARVEL & CONSTANTINE, LLC

DELAWARE    PENNSYLVANIA    NEW JERSEY  |  WWW.MARONMARVEL.COM

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                              :
                                    :      Chapter 7
**CHARLES ZANDFORD,**               :
                                    :      Case No. 05-13305(PJW)
              Debtor.               :
                                    :      re, docket 97

## ORDER

AND NOW, this _6_ day of July, 2007, upon consideration of the Motion of Trustee to Compel the Debtor to immediately produce bank statements for any and all deposit accounts maintained by the Debtor for the six month period immediately preceding the bankruptcy filing (the "Motion"); it is hereby ORDERED as follows:

1. The Motion is GRANTED;

2. Debtor, Charles Zandford, shall, on or before, _Nov. 6_, 2007, produce all bank statements for any and all deposit accounts maintained by the Debtor for the six month period immediately preceding the bankruptcy filing; and

3. Upon further application to this Court, appropriate sanctions will be imposed by the Court for any failure to comply with this Order.

BY THE COURT:

PETER J. WALSH U.S.B.J.

*Filed on July 31, 2007*
*Reference Docket No. _____*

7/31/07
CM/ECF #97