## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE: | : | |
| | : | |
| CHARLES ZANDFORD, | : | Bankruptcy Case No. 05-13305 |
| | : | |
| Debtor, | : | |
| | : | |
| CHARLES ZANDFORD, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | Civil Action No. 07-611GMS |
| | : | |
| TRUSTEE ALFRED THOMAS GIULIANO, | : | |
| | : | |
| Appellee. | : | |

**APPEAL FROM ORDER ENTERED ON SEPTEMBER 6, 2007
BY THE UNITED STATES BANKRUPTCY COURT
FOR DISTRICT OF DELAWARE**

**BRIEF OF APPELLEE ALFRED THOMAS GIULIANO, CHAPTER 7
TRUSTEE**

WEIR & PARTNERS LLP
Jeffrey S. Cianciulli, Esquire
Weir & Partners LLP
Suite 500, The Widener Building
1339 Chestnut Street
Philadelphia, PA 19107
(215) 665-8181 – Telephone
(215) 665-8464 – Facsimile
Counsel for Appellee

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................. ii

I.   STATEMENT OF JURISDICTION ................................................. 1

II.  STATEMENT OF ISSUES PRESENTED AND STANDARD OF REVIEW  2

   A.   Issues on Appeal. ................................................................ 2

   B.   Standard of Appellate Review. .......................................... 4

III. STATEMENT OF THE CASE ...................................................... 6

   A.   The Bankruptcy Case. ........................................................ 6

   B.   Facts Relevant to Appeal. ................................................... 6

IV.  ARGUMENT .......................................................................... 8

   A.   Summary of Argument ....................................................... 8

   B.   Argument .......................................................................... 9

   C.   The Trustee Does Not Intend to Request a Revocation of the Debtor's Discharge ......................................................................... 12

   D.   The Trustee Has Not Sought a "Turnover" of Assets Pursuant Bankruptcy Code Section 542 ....................................................................... 14

   E.   The Bankruptcy Court did not abuse its discretion ..................... 14

V.   CONCLUSION ........................................................................ 15

# TABLE OF AUTHORITIES

## Cases

Energrey Enters., Inc. v. Oak Creek Energy Sys., Inc.,
119 B.R. 739 (E.D.Cal.1990) ................................................................ 4

George M. Mitchell Co. v. Lawton,
82 F.2d 689 (3d Cir. 1936) ................................................................ 5

In re Brenner,
1991 WL 214051 at * 5 (E.D.Pa.1991) ........................................... 3-4

In re CGM,C.P.,
165 F.3d 1026 (5th Cir. 1999) ........................................................ 4

In re Freeman,
956 F.2d 252 (11th Cir.1992) ........................................................ 4

In re Gross,
121 B.R. 590 ................................................................................... 11

In re Halley,
70 B.R. 283 (Bankr. E.D. Pa. 1987) ............................................... 5

In re National Lumber & Supply, Inc.,
184 B.R. 74 (9th Cir. BAP 1995) .................................................. 4

Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.,
540 F.2d 102 (3d Cir. 1976) ........................................................... 5

Marroquin-Manriquez v. I.N.S.,
699 F.2d 129 (3d Cir.1983) ........................................................... 5

Public Loan Co., Inc. v. Federal Deposit Ins. Corp.,
803 F.2d 82 (3d. Cir. 1986) ........................................................... 4

## Statutes

11 U.S.C. §101 ........................................................................................ 2
28 U.S.C. §157(a)(1) ............................................................................. 1
28 U.S.C. §157(a)(3) ............................................................................. 1
28 U.S.C. §586 ...................................................................................... 2
28 U.S.C. §586(a)(1) ............................................................................. 2

## Bankruptcy Code

Section 521 ............................................................................. 8, 9, 10, 14
Section 521(a)(3) ........................................................................... 6, 10
Section 521(a)(4) ........................................................................... 6, 10
Section 542 .................................................................................... 9, 14
Section 704 ......................................................................................... 9
Section 704(a) ............................................................................. 6, 9, 10
Section 704(a)(3) ................................................................................ 10
Section 727(d) .................................................................................... 12
Section 727(d)(1) ................................................................................ 12
Section 727(e)(i) ................................................................................. 13
Section 727(e)(1) ................................................................................ 13
Section 727(e)(2) ................................................................................ 13

## Rules

Fed. R. Bankr. P. 8006 ........................................................................ 4

## I.    STATEMENT OF JURISDICTION

Despite Appellant's unsupported statement to the contrary, the Order from which Appellant has appealed is not a final judgment, order or decree and, therefore, this Court does not have jurisdiction to hear this appeal pursuant to 28 U.S.C. §157(a)(1).  As finality of the order at issue is the only basis upon which Appellant suggests that this Court may exercise jurisdiction to entertain the instant appeal, and since the Appellant failed to request leave of the Bankruptcy Court to immediately appeal the interlocutory order at issue, this court should immediately dismiss this appeal.

As discussed more fully in Appellee's motion to quash the instant appeal, Appellee asserts that this Court does not enjoy jurisdiction over the instant appeal because the order at issue is an interlocutory discovery order, which is not immediately appealable without leave of the Bankruptcy Court to do so pursuant to 28 U.S.C. §157(a)(3), which grants the District Court jurisdiction to hear an appeal of an interlocutory order of the bankruptcy court only if the Appellant first seeks and secures leave of the Court to appeal such order.  Appellant failed to seek or secure such leave from the Court.  Appellee respectfully submits that this appeal should be dismissed because this Court lacks jurisdiction to hear this appeal.

## II.    STATEMENT OF ISSUES PRESENTED AND STANDARD OF REVIEW

### A.    Issues on Appeal.

Rule 8006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") requires that an appellant, within ten (10) days after filing the Notice of Appeal, file and serve on appellee(s) a statement of the issues to be presented on appeal.   Appellant failed to file and serve his statement of issues on appeal on appellee within ten (10) days of the filing of his notice of appeal.   Appellant file his notice of appeal on September 12, 2007 and his statement of issues to be presented on appeal on September 26, 2007.   Appellant raised the following six issues on appeal:

1.  Given the nature of documents requested by the Trustee, bank statements for the 180 days preceding the date of filing his Chapter 7 bankruptcy petition on October 11, 2005, the question of law is whether the Trustee under the 'old law' has an unlimited authority to conduct discovery in a discharged case in absence of any cause, i.e. discovery of fraud that could not have been known until after the discharge was granted.

2.  The U.S. Trustee's office and its function are governed by 11 U.S.C. §101, et seq. and 28 U.S.C. §586 et seq.   Each U.S. Trustee is responsible for maintaining and supervising a panel of private trustees for chapter 7 bankruptcies pursuant to 28 U.S.C. §586(a)(1).   The office of U.S. Trustee, in its supervisory capacity, was aware of Zandford's criminal conviction and incarceration prior to his discharge. Zandford's case was red flagged by the Trustee prior to discharge, and subjected to extra scrutiny- answering interrogatories prior to his §341 hearing.   In absence of cause, i.e. discovery of fraud after discharge, the U.S. Trustee can not legally and

legitimately red flag Zandford's discharged bankruptcy again for the same reason it was red flagged before.

3.   The Trustee did not provide the Bankruptcy Court with the authority granted to the US. Trustee under the 'old law' to Red Flag the appellants discharged case in absence of discovery of any new evidence. The Trustee's Motion to Compel Discovery is tantamount to saying that a cursory reference to a red flag is a license for the Trustee to circumvent the law under the name of the U.S. Trustee's office.

4.   The Trustee's Motion to Compel Production made no reference to being red flagged. It made no reference to any legal authority, or 'cause' that would permit the Trustee to resume discovery in a discharged case. It is nothing more than a veiled §727(d)(4) Motion which does not apply to cases under the 'old law'.

5.   Under the unique circumstances of this case, the Trustee's Motion for discovery is <u>solely</u> intended to as an attempt to possibly rescue the Securities and Exchange Commission's case pending appeal before the District Court. This conduct and constitutes an abuse of discovery process.

6.   Laches and stale claims also become applicable in this case.

In his brief, although Appellant failed to separately list his issues on appeal, Appellant, in the section of his brief titled "Arguments and Authorities" raised a number of issues. In doing so, Appellant has impermissibly recharacterized the presented issues, adding elements not raised in his tardily filed "Preliminary Statement".

Issues not raised in the Rule 8006 statement of presented issues may be deemed waived on appeal. *See In re Brenner*, 1991 WL 214051 at * 5

(E.D.Pa.1991)(court adopted strict standard and held that issues not included in Bankruptcy Rule 8006 designation were waived on appeal).  *See also In re Freeman*, 956 F.2d 252, 255 (11th Cir.1992) (citing *Energrey Enters., Inc. v. Oak Creek Energy Sys., Inc.*, 119 B.R. 739, 741 (E.D.Cal.1990)(court held that issue is waived when not raised in Bankruptcy Rule 8006 designation and where issue was not inferable from issues listed in the Bankruptcy Rule 8006 designation); *In re National Lumber & Supply, Inc.*, 184 B.R. 74, 79 (9th Cir. BAP 1995)(issue is considered waived if not listed in statement of issues to be presented, as required by Fed. R. Bankr. P. 8006"); *In re CGM,C.P.*, 165 F.3d 1026, 1032 (5th Cir. 1999)(even if issue is argued in bankruptcy court and ruled on by that court, it is not preserved for appeal under Bankruptcy Rule 8006 unless appellant includes issue in statement of issues on appeal).

Accordingly, Appellee respectfully requests that this Court decline to consider any issues not properly set forth in Appellant's Rule 8006 designation.

## B.    Standard of Appellate Review.

Assuming that this Court determined that it has jurisdiction to review the Bankruptcy Court's order of September 6, 2007 (the "Order"), a proposition which the Trustee rejects, this Court must review the Order under an abuse of discretion standard. *Public Loan Co., Inc. v. Federal Deposit Ins. Corp.*, 803 F.2d 82 (3d. Cir. 1986), *quoting Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d

Cir.1983) ("It is well established that the scope and conduct of discovery are within the sound discretion of the trial court, ... and that after final judgment of the district court or final agency order, our review is confined to determining if that discretion has been abused.... To find such abuse it is usually necessary to conclude that there has been an interference with a "substantial right," ... or that the discovery ruling is "seen to be a gross abuse of discretion resulting in fundamental unfairness in the trial of the case.")

To find an abuse of discretion, this Court must find that the Bankruptcy Court committed a mistake of law, which included a patent disregard of the facts and evidence in reaching its conclusion. *See George M. Mitchell Co. v. Lawton*, 82 F.2d 689 (3d Cir. 1936). *See also In re Halley*, 70 B.R. 283, 284 (Bankr. E.D. Pa. 1987), *citing, Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 115 (3d Cir. 1976)(discretion is abused when judicial action is arbitrary, fanciful or unreasonable).  In this instance, the Bankruptcy Court correctly ruled, reviewing all relevant evidence and correctly analyzing applicable bankruptcy law.

For the reasons stated below, this Court should affirm the Bankruptcy Court's September 6, 2007 Order in its entirety.

## III.    STATEMENT OF THE CASE

### A.    The Bankruptcy Case.

On October 11, 2005 (the "Petition Date"), Charles Zandford ("Appellant"), filed a voluntary petition for relief under Chapter 7, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware.  (Bankruptcy Petition, Bankruptcy Docket entry #1).  On or about October 12, 2005, Alfred T. Giuliano ("Appellee") was appointed as the Chapter 7 Trustee in the bankruptcy case.

### B.    Facts Relevant to Appeal.

In order to perform his statutory duties pursuant to Section 704(a) of the Bankruptcy Code, a bankruptcy trustee is permitted to review any and all assets of a debtor (and documents such as bank statements) in order to determine the value of any assets of the bankruptcy estate and thereafter, to administer the debtor's estate for the benefit of the debtor's creditors.  Pursuant to Section 521(a)(3) and (4) of the Bankruptcy Code, the debtor shall cooperate with the trustee to allow the trustee to perform his duties pursuant to Section 704(a) and in that regard, the debtor shall surrender to the trustee all property of the estate requested by the trustee, including all books, documents and any and all records of the debtor's estate.

On March 8, 2007, Appellee's counsel requested that Appellant produce all of his bank statements for any and all deposit accounts maintained by the

Appellant for the six month period immediately preceding the bankruptcy filing. (Bankruptcy Docket entry #97, Exhibit "A" thereto).    Appellant responded on March 12, 2007, indicating he would contact the banking institutions and would forward the requested bank statements. (Bankruptcy Docket entry #97, Exhibit "B" thereto).   On April 2, 2007, Appellee's counsel advised Appellant that he had not received the documents requested in his March 8, 2007 letter and advised the Appellant if he did not produce the documents within ten days, Appellee would file a motion to compel Appellant to produce the records.   (Bankruptcy Docket entry #97, Exhibit "C" thereto).   On April 5, 2007, Appellant responded to Appellee's counsel indicating his refusal to produce the requested documents.   (Bankruptcy Docket entry #97, Exhibit "D" thereto).   Thereafter, on July 31, 2007, Appellee filed a motion to compel Appellant to produce the requested documents (the "Motion to Compel") (Bankruptcy Docket entry #97).

On September 6, 2007, after hearing on the Motion to Compel, the Honorable Peter J. Walsh of the United Stated Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered the Order in which the Bankruptcy Court required the Appellant to produce the documentation requested by Appellee. (Bankruptcy Docket entry #109).

By notice of appeal filed on September 12, 2007, Appellant has appealed from the Order and from an order denying Appellant's request to have the

Bankruptcy Court reconsider its Order. (Bankruptcy Docket entry #112).  It is the position of Appellee that this Court lacks jurisdiction to hear this appeal and that, even if this Court does have jurisdiction to hear this appeal, that the appeal has no basis in law or fact.  For the following reasons, this Court should affirm the Bankruptcy Court's September 6, 2007 Order, which accomplished nothing more that directing Appellant to produce a mere six months of pre Petition Date bank statements from three different banks.

## IV.    ARGUMENT

### A.    Summary of Argument

Pursuant to Bankruptcy Code Section 521, a debtor has an affirmative obligation to (1) cooperate with the appointed panel trustee as necessary to enable the trustee perform his duties; and (2) "surrender to the trustee all property of the estate and any recorded information, including books, documents, and papers, relating to property of the estate . . ."  In this case, Appellant has failed, without justification, to produce bank statements for accounts held by Appellant during the period six months before the Petition Date, which will enable Appellee to perform his statutory duties.

**B.  Argument**

Although Appellant makes a number of arguments, Appellants arguments can best be stated as fitting into the following three categories:

1.  Appellee was time barred from requesting records of the bankruptcy estate at the time of the request and that Appellee needed to set forth a basis for such request;

2.   That Appellee's request was related to an intent by Appellee to seek a *revocation* of Appellant's Discharge; and

3.  That Appellee sought "Turnover" of assets under Bankruptcy Code Section 542 rather than a review of estate records under Bankruptcy Code Sections 521 and 704.

**A.  A debtor is required to surrender all records of the estate and to cooperate with a trustee's efforts to investigate the bankruptcy estate and its assets and There exists no time limit within which a Trustee is required to request from a debtor records of the bankruptcy estate; A trustee is not required to set forth an adequate basis for such request; Rather the debtor is required to comply**

In order to perform his statutory duties pursuant to Section 704(a) of the Bankruptcy Code, Appellee is permitted review any and all assets of Appellant (and documents such as bank statements) in order to determine the value of any assets of the bankruptcy estate and thereafter, to administer Appellant's bankruptcy

estate for the benefit of Appellant's creditors. See Bankruptcy Code §704(a)(3) and (4)[1].

Appellant's duties are clear, unambiguous and continuing so long as the case remains open. Pursuant to Section 521(a)(3) and (4)[2] of the Bankruptcy Code, the Debtor "shall" cooperate with Appellee to allow Appellee to perform his duties pursuant to Section 704(a) and in that regard, it was Appellant's affirmative obligation to surrender to Appellee the pre Petition Date bank statements, as requested.[3]

Despite Appellant's statements to the contrary, neither a chapter 7 bankruptcy debtor's affirmative obligations under the Bankruptcy Code, nor the trustee duties, are subject to any arbitrary deadline. Appellant has failed to cite to

---

[1] Debtor's Case is a case that was commenced prior to the numerous and significant changes to the Bankruptcy Code which, in large part, became effective on October 17, 2005. Therefore, unless otherwise stated, whenever this Appellee's brief makes reference to or cites to a particular section of the Bankruptcy Code, it is to that section as it existed and as it was interpreted prior to October 17, 2005.

[2] Despite that Appellant has sought to make clear that his case is governed by the Bankruptcy Code as it existed prior to October 17, 2005 (which Appellant refers to as the "old law", Appellant has (at page 18-19 of his brief) included the incorrect text of Bankruptcy Code §521. This Court should be careful to refer to the correct text of such section, as cited by Appellee (reproduced below).

[3] Bankruptcy Code Section 521(a)(3) provides that "[t]he Debtor shall . . . cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title." Bankruptcy Code Section 521(a)(4) provides that "[t]he Debtor shall . . . surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate . . ."

any relevant authority for the proposition that any such time limit exists.[4]  To the contrary, Appellee is entitled to search for assets to administer at any time prior to the closing of the subject bankruptcy case and, in fact, both the debtor's duties and the trustee's duties continue until that time.

Plainly, the focus of this appeal should be on Appellant's failure to comply with his affirmative obligations under the Bankruptcy Code.  In that regard, this Court should reject Appellant's attempts to focus this Court's attention on whether the Trustee is subject to a non-existent deadline to administer a case.[5]

The Honorable Peter J. Walsh stated the following in connection with the discretion afforded a chapter 7 panel trustee:

> "The U.S. Trustee and the Chapter 7 Trustee have broad discretion in examining the affairs of a debtor, and this Court is not going to impose a limitation on that discretionary authority.  It is only six months of statements.  I don't think that's an unreasonable burden." (Bankruptcy Docket Entry # 118; Transcript of Hearing September 6, 2007, Page 12).

---

[4] Debtor cites to a case, *In re Gross*, 121 B.R. 590, which involves questions of the finality of an order confirming a chapter 11 plan of reorganization.  Such case, plainly is not relevant to this Chapter 7 case or the instant issues.

[5] If Appellant's argument that a trustee may not compel a debtor to turnover assets or documents after entry of an order discharging a debtor were correct, each and every trustee in a chapter 7 case would be required to object to the discharge of each and every debtor, even where such objection is unwarranted, just to preserve a right to administer the case properly.  Clearly this result would be disastrous to the effective administration of a bankruptcy case.  Clearly this is not intended by Congress.

306012-1                                    11

Similarly, undersigned counsel for Appellee has been unable to find any authority that would limit the discretion of the Trustee to compel a bankruptcy debtor to surrender six months of pre Petition Date bank statements nor has undersigned counsel found any authority for the proposition that a debtor's affirmative obligation to surrender such documents expires at any time prior to the entry of an order closing the bankruptcy case. As stated, infra, to do so would be disastrous to the effective administration of a bankruptcy case. Simply stated, Congress, in enacting the aforementioned sections of the Bankruptcy Code afforded a bankruptcy trustee broad authority to require a debtor to surrender pre Petition Date bank statements. Despite Appellant's statements to the contrary, no additional basis or justification is necessary, especially given that a debtor has an independent, affirmative obligation to cooperate with a panel trustee.

### C.    The Trustee Does Not Intend to Request a Revocation of the Debtor's Discharge

Throughout his brief, Appellant mistakenly (and repeatedly) suggests that Appellee's demand for production of the requested bank statements relates to some intent by Appellee (or presumably some other party in interest) to seek to revoke the Appellant's discharge pursuant to Bankruptcy Code Section 727(d). As Appellee has repeatedly stated on the record, Appellee does not seek, and more importantly, believes that he is now precluded from, seeking a revocation of Appellant's discharge under Bankruptcy Code 727(d)(1). Appellee seeks six

months of <u>pre Petition Date</u> bank statements to assist the Appellee in determining whether there exist any <u>pre Petition Date</u> assets that Appellee can administer for the benefit of Appellant's creditors.

Appellant's fear of a revocation of discharge based on information that might be obtained from the requested <u>pre Petition Date</u> bank statements is both a factual and a legal impossibility for the following reasons.

Appellant's fear is a legal impossibility because Appellee is time barred from seeking to revoke the discharge granted to Appellant under Bankruptcy Code Section 727(e)(1) – which limits the time to move to revoke a discharge one year after the discharge is granted (in this case Appellant was granted a discharge on March 26, 2006- over one year prior to the discovery request made in this case). Further, under Bankruptcy Code Section 727(e)(2), even though the timeframe for seeking a revocation of a discharge is more open-ended than under 727(e)(i), it is limited to when a debtor fails to report the acquisition of or entitlement to property acquired *after* the commencement of the bankruptcy case. Plainly here, since the request at issue involved a request for only <u>pre Petition Date</u> bank statements, such request can not possibly seek to determine whether Appellant acquired property <u>post</u> Petition Date and, therefore, as to the request at issue, the documents requested could not possibly give rise to a right to seek a revocation of discharge under Bankruptcy Code Section 727(e)(2). For the foregoing reasons, each and

every one of Appellant's arguments related to his unfounded fear that Appellee will request a revocation of his discharge based on the information contained in the requested <u>pre Petition Date</u> bank statements is baseless and should be rejected by this Court.

### D. The Trustee Has Not Sought a "Turnover" of Assets Pursuant Bankruptcy Code Section 542

Contrary to Appellant's statements to the contrary, Appellee's request for pre Petition Date bank statements is not a "Turnover" action pursuant to Bankruptcy Code §542. To the contrary, the request at issue is merely a demand that Appellant comply with his statutory duty under Bankruptcy Code §521 – to cooperate with Appellee in his effort to comply with his duty to administer this bankruptcy estate. Appellant's arguments in which he attempts to characterize Appellee's request for pre Petition Date bank statements as a "Turnover" action pursuant to Bankruptcy Code §542 as well as any statements made by Appellant relating thereto are (1) not relevant to this appeal; and (2) were not raised by Appellant as issues on appeal. This Court should refuse Appellants invitation to address irrelevant issues.

### E. The Bankruptcy Court did not abuse its discretion

In the exercise of its discretion, the Bankruptcy Court considered the facts of the case, and determined that, based on Appellant's affirmative statutory duties,

which continue until a case is closed, that Appellant be ordered to produce six months of bank statements. As is evident from the Order and the transcript of the hearing at issue, the Court's determination was accurate and not subject to any reasonable or rational difference of opinion.

## V.     CONCLUSION

For all of the foregoing reasons, Appellee respectfully requests that this Honorable Court affirm the September 6, 2007 Order of the Bankruptcy Court in its entirety.

WEIR & PARTNERS LLP

By: /s/ Jeffrey S. Cianciulli, Esquire
    Jeffrey S. Cianciulli, Esquire
    Suite 500, The Widener Bldg.
    1339 Chestnut Street
    Philadelphia, PA  19107
    (215) 665-8181
    Counsel for Appellee

Dated:  March 20, 2008

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|                                         |   |                              |
|-----------------------------------------|---|------------------------------|
| IN RE:                                  | : |                              |
|                                         | : |                              |
| CHARLES ZANDFORD,                       | : | Bankruptcy Case No. 05-13305 |
|                                         | : |                              |
| Debtor,                                 | : |                              |
|                                         | : |                              |
| CHARLES ZANDFORD,                       | : |                              |
|                                         | : |                              |
| Appellant,                              | : |                              |
|                                         | : |                              |
| v.                                      | : | Civil Action No. 07-611GMS   |
|                                         | : |                              |
| TRUSTEE ALFRED THOMAS GIULIANO,         | : |                              |
|                                         | : |                              |
| Appellee.                               | : |                              |

## <u>CERTIFICATE OF SERVICE</u>

I, Jeffrey S. Cianciulli, Esquire, certify that I caused the foregoing

Appeal from Order Entered on September 6, 2007 by the United States Bankruptcy

Court for District of Delaware to be served *via* first class mail on March 20, 2008

on the following:

Charles Zandford
106 Heritage Blvd.
#2
Princeton, NJ 08540

Charles Zandford
10 N.E. 4th St.
Milford, DE  19963

/s/ Jeffrey S. Cianciulli
Jeffrey S. Cianciulli, Esquire

# CERTIFICATE OF COMPLIANCE
## WITH RULE 32(a)

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

☒    this brief contains 3,191 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), or

☐    this brief uses a monospaced typeface and contains (state number of) lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

☒    this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point, Times New roman type style, or

☐    this brief has been prepared in a  monospaced typeface using (state name & version of word processing program) in (state number of characters per inch and name of type style)

/s/ Jeffrey S. Cianciulli
Jeffrey S. Cianciulli, Esquire

Date:  March 20, 2008

306012-1                                    16