IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

# ORIGINAL

| | | |
|---|---|---|
| **IN RE:** | : | |
| **CHARLES ZANDFORD** | : | **Bankruptcy Case No.  05-13305** |
| **Debtor** | : | |
| **CHARLES ZANDFORD** | : | |
| **Appellant** | : | |
| **v.** | : | ✓ **Civil Action No. 07-611 GMS** |
| **TRUSTEE ALFRED THOMAS** | : | |
| **GIULIANO** | | |
| **Appellee** | | |

---

## ON APPEAL FROM AN ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

## APPELLANT'S RESPONSE TO TRUSTEE'S APPLICATION FOR RELIEF IN THE NATURE OF A MOTION TO QUASH

Appellant, Charles Zandford ('Appellant'), respectfully submits his response to the trustee's Application For Relief In the Nature Of A Motion to Quash.

The question whether this appeal is final or interlocutory remains to be determined in light of the evidence presented to the Bankruptcy Court by the trustee and UST during the December 13, 2007 hearing . Appellant will address this argument in his response to the trustee's reply brief. At issue here and now is the trustee's motion to quash, and appellant states the following:

## I. PROCEDURAL BACKGROUND

1. On July 31, 2007, trustee's counsel filed a **"MOTION TO COMPEL DEBTOR TO TURNOVER RECORDS TO THE CHAPTER 7 TRUSTEE."** (Bkr.Docket # 97)

2. On September 6, 2007, the Bankruptcy Court granted the trustee's turnover motion for production of six months of pre-petition bank statements 16 months after Appellant's discharge and in absence of any discovery of misconduct to justify such order.

2. On September, 12, 2007, Appellant timely filed a Notice of Appeal (Bkr. Docket # 110), and several motions for reconsideration of this order (Bkr. Docket # 115,116,123).

3. On September 19, 2007, Appellant filed an Amended Notice of Appeal (Bkr. Docket .# 117), and timely filed his designation ( Bkr. Docket #120). The District Court took the appeal based upon the amended notice of appeal. A true and correct copy of the Amended Notice of Appeal is attached hereto as Exhibit 1.

4. Appellant obtained and provided Judge Walsh directly the requested documents and asked that they be filed under seal pending the outcome of Appellant's reconsideration motion or any appeal(s) that may follow.

5. On December 13, 2007, a hearing was held before the Bankruptcy Court regarding Appellant's motions for reconsideration of the Bankruptcy Court's order of September 6, 2007. Appellant's Motion for reconsideration, and request for filing the requested documents under seal were denied, and Judge Walsh returned the requested documents to Appellant. During this hearing, new issues were raised by trustee, UST, and Judge Walsh which necessitated an amendment to Appellant's designation of issues on appeal and designation of record.

6. On January 31, 2008, after receiving the transcript of the December 13, 2007 hearing, Appellant filed a <u>Motion To Take Leave of Court To Amend Issues On Appeal</u> and Designation of Record (D.I. # 7). A true and correct copy of Appellant's Motion To Take Leave of Court To Amend Issues On Appeal is attached hereto as Exhibit 2.

7. On October 18, 2007, this case was referred to the Appellate Mediation Panel, and further briefing was deferred. On October 22, 2007, a letter of completion of mediation was filed by J. Richard Tucker, Esq. (D.I. # 4).

8. On December 19, 2007, this Court ordered a joint proposed briefing schedule due January 18, 2008 (D.I. # 5) based upon Appellant's amended Notice of Appeal. A true and correct copy of the District Court's Order for a proposed joint briefing schedule is attached hereto as Exhibit 3.

9. On January 18, 2008, a Joint Proposed Briefing Schedule was filed (D.I. #6).

10. On January 24, 2008, the Court set a briefing schedule in this case.

11.   On February 25, 2008, Appellant submitted his Brief (D.I. # 8).

12.   On March 18, 2008, Appellee filed his motion to quash (D.I. #9).

13.   On March 20, 2008, Appellee filed his reply brief ( D.I. #11).

14. The trustee's calculated filing of his motion to quash two days before filing his reply

brief effectively truncated the time this Court had allotted Appellant to respond to

trustee's reply brief.

## 1I.  PRELIMINARY STATEMENT

The crux of the trustee's argument is based upon two unavailing issues. The first

issue is patently contrary to the law in this Circuit, as well as others, and the second issue

is based upon an irrelevant case which governs appeals from district court to courts of

appeals pursuant to **28 U.S.C. §1291** . The issues are as follow:

1.  The trustee argues that this court lacks jurisdiction to hear this appeal because the

Order Compelling Production is an interlocutory order which, under controlling law, is

not immediately appealable in the absence of leave from the bankruptcy court.  **In re**

**Bertoli, 812 F.2d 136 (3ʳᵈ Cir. 1986)**  is despositive, and defeats the trustee's first

argument ; and,

2.   The trustee cites **In re Entprotech Corp., 983 F.2d 17( 3ʳᵈ. Circuit 1993).** The

thrust of the trustee's argument here is that because  **28 U.S.C. § 1291** requires that all

appeals from the district court to courts of appeals must be final, therefore, the trustee

reasons that all appeals from the bankruptcy court orders, decrees, or judgments to the

district court must also be final (trustee's brief, p. 4., paragraphs 18-19, 21 ). This case

has no relevance to this appeal because **28 U.S.C. §1291** by congressional design only

vests the courts of appeals with "jurisdiction of appeals from all final decisions of the district courts…," and not bankruptcy courts.   It is irrelevant!

## II. THE LAW

**1. The District Court's Jurisdiction To Review Interlocutory Bankruptcy Orders Is Contained In 28 U.S.C. § 158, Giving It Discretion To Review Interlocutory Or None Final Decisions Of Bankruptcy Court Without certification by bankruptcy Court**

Appellant will borrow, verbatim, from **Bertoli** to establish the applicable law in this Circuit, which defeats the trustee's first argument:

"We turn to **Bertoli's** claim that the district court lacked jurisdiction because the bankruptcy judge refused to certify the interlocutory appeal. Under Bankruptcy Rules 8001 and 8003 promulgated in 1983, motions for leave to file an interlocutory appeal are directed entirely at the district court. **Bertoli** claims, however, that **28 U.S.C. § 158**, enacted by the Bankruptcy Amendments and Federal Judgeship Act of 1984, **Pub. L. No. 98-353, 98 Stat. 333,341 (1984)**, has supplemented this rule. The relevant portions of **§158** provide:

(a) The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.

(c) An appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from

the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules.

**Bertoli** claims that the "same manner" stipulation in subsection (c) incorporates the provision in **28 U.S.C. § 1292(b)** that interlocutory appeals be certified by the district court and therefore mandates certification by bankruptcy judges for interlocutory appeals to district courts. In support, **Bertoli** cites two bankruptcy court decisions that have so held and one district court decision that has suggested this view. ***Connelly v. Shatkin Inv. Corp.***, 57 B.R. 794, 796 (N.D.Ill.1986); ***In re United Press Int'l, Inc.***, 60 B.R. 265, 275 (Bankr. D.D.C.1986); ***In re Trak Microcomputer Corp.***, 58 B.R. 708, 713 n. 1 (Bankr. N.D.Ill.1986). In contrast, two district courts have explicitly rejected a certification requirement. ***First American Bank of N.Y. v. Century Glove, Inc.***, 64 B.R. 958, 962 (D.Del.1986); ***In re Huff***, 61 B.R. 678, 682 & n. 6 (N.D.Ill.1986).

For several reasons, we agree with the district courts that have rejected a certification requirement. Our first reason is the language and structure of **§ 158.** **Subsection 158(a)** provides explicitly that interlocutory appeals may be had to district courts "with leave of the court." Because this subsection uses the term "court" to refer to district courts and the term "judge" to refer to bankruptcy judges, and because the phrase "the district courts" provides the only relevant antecedent for the words "the court," we conclude that Congress meant leave of the district court. Having specifically addressed which court must grant leave for an interlocutory appeal, Congress did not, we believe, intend to amend this provision with the general statement in **§ 158(c)** that all appeals shall be taken "in the same manner" as civil appeals from district courts to courts of appeals.

Second, we note that **Bertoli's** interpretation of **§158** cuts against the entire thrust of the 1984 amendments. The Supreme Court's decision in ***Northern Pipeline Constr. Co. v.***

5

*Marathon Pipe Line Co.*, **458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982)**, struck down portions of the bankruptcy code because they violated Article III of the Constitution by delegating too much authority to non-Article III bankruptcy judges. To cure this Constitutional defect, the 1984 amendments generally expanded the district court's authority over bankruptcy judges. Under the 1984 amendments, bankruptcy judges now form an adjunct or subsidiary "unit of the district court." **28 U.S.C. § 151**. In a large category of "related" proceedings, district courts must now review de novo the bankruptcy judges' proposed findings of fact. **28 U.S.C. § 157(c)(1)**. In addition, **§ 157(d)** authorizes the district court to withdraw "in whole or in part" any case referred to a bankruptcy judge "for cause shown."

We doubt that Congress wished to grant district courts greater authority over bankruptcy judges generally, including the authority to withdraw cases solely on their own judgment, while restricting district courts' authority over interlocutory appeals. As Congress intended the district court to have authority to withdraw a case "for cause," so we believe Congress intended the district court to be able to review interlocutory orders for such cause as found by the district court here.

Additionally, we note that few courts or commentators have read **§158** as suggesting even the possibility that interlocutory appeals require certification by the bankruptcy judge. Our examination of the many decisions in which courts have discussed interlocutory appeals from bankruptcy judges to district courts has revealed no cases suggesting a requirement for certification by bankruptcy judges other than those cited by **Bertoli**. Courts of appeals, although not faced directly with this question, have typically categorized the authority of a district court to consider an interlocutory appeal as a matter

of the district court's discretion. *E.g., **In re Morse Electric Co., 805 F.2d 262, 264 (7th Cir.1986)*** (district courts "may elect" to hear interlocutory appeals); ***In re Ryther, 799 F.2d 1412, 1414 (9th Cir.1986)*** (district courts "may grant leave" to hear appeals from interlocutory orders). <u>Similarly, the many district court decisions that have discussed the criteria for granting leave to appeal have generally failed to mention even the possibility that certification is required.</u> *E.g., **In re Gianakas, 56 B.R. 747, 749 (N.D.Ill.1985); In re Hardwicke Co., 56 B.R. 244, 246 (S.D.N.Y.1985); In re Johns-Manville Corp., 47 B.R. 957, 960-61 (S.D.N.Y.1985).*** (emphasis added)

The Judicial Conference of the United States also appears to have rejected any contention that **§ 158** requires certification of an interlocutory appeal by the bankruptcy court. Proposed amendments to rules 8001 and 8003 would conform their wording to the new amendments, but the rules would continue to direct motions for leave to appeal only to the district court. United States Judicial Conference, ***Report of Proceedings of Judicial Conference of United States* 67 (Sept. 18-19, 1986)**. The conference view conforms with that of the principal commentaries, which have continued to describe leave to file an interlocutory appeal as a judgment solely for the district court. *See, e.g., **1 Collier on Bankruptcy* §§ 3.03[1][c][i], at 3-137, 3.03[6][b], at 3-150, 3.03 [6] [d][i], at 3-159 (15th ed. 1986); 1 *Norton Bankr. L. & Prac.* § 17.11, at 17-23 (July 1986).**

Thus, virtually none of the courts or bankruptcy experts that have considered the implications of **§ 158** have understood it to require certification of interlocutory appeals by bankruptcy courts. <u>**We consider the breadth of this authority comforting corroboration that no certification is required, and we so hold.**</u>" **Bertoli** at 139-140 (emphasis added)

**2.  Federal Rule Of Bankruptcy Procedure 8003( c)**

Interlocutory appeals can only be heard with leave of Court or BAP. **28 U.S.C. §158(b)**; *__In re Roderick Timber Co.__*, **185 B.R. at 604**.  Because it is often difficult to discern whether an order is final or interlocutory, the litigants often file a notice of appeal without a motion for leave to appeal because of a mistaken impression of finality. Due to this prevalence. **Rule 8003(c)** provides. in relevant part, that: If a required motion for leave to appeal is not filed. but a notice of appeal is timely filed, the district court or bankruptcy appellate panel may grant leave to appeal or direct that a motion for leave to appeal be filed. The district court or the bankruptcy appellate panel may also deny leave to appeal but in so doing shall consider the notice of appeal as a motion for leave to appeal... Fed. R. Bankr. P. 8003(c).

**3. Trustee's Reliance on Enprotech Corp. v. Ronda, 983 F.2d 17(3rd Cir. 1993) Is Unavailing**

The district court's jurisdiction to review interlocutory bankruptcy orders is contained in **28 U.S.C. § 158**, giving it discretion to review interlocutory or none final decisions of bankruptcy court.

**Inprotech**, on the other hand deals with the appellate jurisdiction of courts of appeals pursuant to **28 U.S.C. § 1291** which does not allow none final appeals from district courts. In **Inprotech,** the Third Circuit Court of Appeals stated the following:

> "The case before us presents the issue of whether we may consider as final, and therefore appealable, a district court order denying a pretrial civil discovery motion to compel production of a settlement agreement. Only if we determine that the order is a final order, may we exercise

8

jurisdiction to review it. The appellants Fukoku Kogyo Co., Ltd., and Hachiro Sato (collectively referred to as "Fukoku") argue that the order is appealable under our holding in ***Bank of America Nat'l Trust v. Hotel Rittenhouse Associates,* 800 F.2d 339 (3d Cir.1986)**, which recognizes the common law right of access to judicial records and proceedings. Appellees Enprotech Corp. and C. Itoh & Co. (America) Inc. (collectively referred to as "Enprotech") argue that the district court order is not a final decision under **28 U.S.C. § 1291** and, therefore, is not appealable. Because we find that the order is not final, we conclude that we do not have appellate jurisdiction and we will dismiss the appeal." ***Inprotech*** at 18.

Under **28 U.S.C. § 1291**, Congress has vested the courts of appeals with

"jurisdiction of appeals from all *final* decisions of the district courts...."**28 U.S.C. §**

**1291(1988).** (emphasis added). The Supreme Court has consistently interpreted this

language as indicating that a party may not take an appeal under this section [28 U.S.C. §

1291] [to courts of appeals] until there has been "a decision by the District Court that

'ends the litigation on the merits and leaves nothing for the court to do but execute the

judgment.' " ***Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57**

**L.Ed.2d 351 (1978)** (*quoting* ***Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631,**

**633, 89 L.Ed. 911 (1945))**; ***Coleman by Lee v. Stanziani,* 735 F.2d 118, 120 (3d Cir.),**

***cert. denied,*469 U.S. 1037, 105 S.Ct. 515, 83 L.Ed.2d 404 (1984).**    **Enprotech** at 19.

**Enprotech** has no relevance to the issue at hand – namely, the district court's

jurisdiction and discretion pursuant to **28 U.S.C. § 158**   to review **interlocutory** or **none**

**final decisions** of bankruptcy courts (emphasis added).

## III. CONCLUSION

Based upon the foregoing, the trustee's Application For Relief In the Nature Of A

Motion to Quash fails on all counts and must be denied.

Respectfully submitted,

_____

Charles Zandford
10 N.E. 4th St.
Milford, DE. 19963
302-725-0655

# EXHIBIT 1

The Debtor/Appellant, Charles Zandford, hereby amends his Notice of Appeal due to an error involving his date of discharge. The Debtor has filed an Objection to the Court's ruling after giving his timely Notice of Appeal. The Debtor's Amended Notice of Appeal is filed pursuant to 28 U.S.C. § 158(a), and Fed. R. Bankr. P. 8001(a) from the Honorable Peter J. Walsh's Final Order dated August 6, 2007, granting the Trustee's Motion to compel the Debtor to produce bank statements for the 180 days preceding his filing of his chapter 7 bankruptcy.

This bankruptcy case is subject to the 'old law.' The debtor received his discharge more than a year ago on March 27, 2006. No prior discovery was undertaken by the Trustee before discharge. This bankruptcy case, and its adversarial proceeding are now pending appeal before the District Court ( In Re: Charles Zandford - Civil Action No. 07-cv-00030UNA). The Debtor respectfully requests that these appeals be consolidated.

The question of law for the District Court's determination is whether the Trustee has carte blanche to conduct discovery at any time he/she so desires after the debtor's discharge ( more than a year ago) and in absence of any new discovery that he/she did not and could not have known prior to the debtor's discharge.

Respectfully submitted,

Charles Zandford
10 N.E. 4th St.
Milford, DE. 19963
(302) 745-5843

# **<u>EXHIBIT 2</u>**

The Debtor/Appellant, Charles Zandford, respectfully submits this motion to take leave of Court to amend the issues on appeal and designation of record. This amendment is necessitated due to new developments during a hearing held on December 13, 2007, before the Honorable Peter J. Walsh, United States Bankruptcy Judge, in regards to the Debtor's motion for reconsideration of the Bankruptcy Court's Order of September 6, 2007, granting the Panel Trustee's motion compelling the Debtor to produce 6 months of pre-petition bank statements 18 months after his discharge and in absence of any evidence implicating him of any misconduct. Given these facts, the plain implication of the Trustee's motion is to launch a fishing expedition in hopes of locating omitted assets to revoke the Debtor's discharge.

During this hearing, Judge Walsh made statements that plainly establish his lack of familiarity with certain facts of the case and some related law which had erroneously formed the basis of his Order. Furthermore, the Trustee's counsel and a representative from the District office of the United States Trustee presented new and conflicting arguments in support of the Trustee's motion. Hence, this amendment follows:

## ISSUES ON APPEAL

1.  Does the Bankruptcy Courts Order of September 6, 2007, granting the Trustee's motion compelling the debtor to produce 6 months of pre-Petition bank statements 18 months after his discharge constitute a clear error when the Trustee's motion only referenced law governing pre-discharge duties of the debtor and the Trustee?

2. Does the Bankruptcy Code place a statutory duty on a Chapter 7 Trustee to investigate the financial affairs of a debtor prior to granting discharge?

3. Is the scope of the Trustee's statutory duty to investigate determined by the debtor's case's status. Is the trustee's authority to investigate primarily intended for pre-discharge use, and limited post-discharge?

4. Post-discharge, when fraud is implicated, is the Trustee required to first establish fraudulent activity by a significant quantum of evidence before seeking to examine the debtor?

5.  Does the trustee exceed the scope of his statutory duty when he moves to compel the debtor to produce 6 months of pre-petition bank statements 18 months after discharge, and in absence of any evidence implicating the debtor of misconduct, but as a basis to

1

launch a fishing expedition in hopes of locating omitted assets to revoke the debtor's discharge?

6.    Does the Bankruptcy Court's lack of familiarity with some facts of the case and some related law which formed the basis of its Order constitute abuse of discretion?

7.    Does the Bankruptcy Code permit the Chapter 7 Trustee to squander the assets of the bankruptcy estate for the benefit of his counsel by filing frivolous and harassing discovery motions?

## DESIGNATION OF RECORD

1. Transcript of September 6, 2007, hearing.

2. Transcript of December 13, 2007, hearing.

3. Copy of Debtor's pro se answer to question 19 of schedule B.

4. Copy of Mr. Obrecht's letter dated January 23, 2007.

5. Copy of Panel Trustee's Motion To Compel Debtor To Turn Over Records.

6. Copy of United States Trustee Manual Volume 5: Chapter 5-2 (Detecting Fraud and Abuse).

7. Copy of United States Trustee Manual's Table of Contents Volume 2: Chapter 2-2 (Administration of Chapter 7 Estates).

8. Copy of a page from Trustee's counsels Interim Fee Application.

9. Copy of an interview with Director and Deputy Director of the Executive Office for United States Trustee dated August 1999.


Respectfully submitted,



_____ _____

Charles Zandford
10 N.E. 4th St.
Milford, DE., 19963
(302) 725-0655

# EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | |
| CHARLES ZANDFORD | : | Bankruptcy Case No. 05-13305 |
|     Debtor | : | |
| CHARLES ZANDFORD | : | |
|     Appellant | : | |
|     v. | : | Civil Action No. 07-611 GMS |
| TRUSTEE ALFRED THOMAS GIULIANO | : | |
|     Appellee | : | |

## ORDER

WHEREAS, on October 5, 2007, a Notice of Amended Appeal of the Order of Bankruptcy Court entered on September 6, 2007, was filed (D.I. 1);

WHEREAS, on October 18, 2007, this case was referred to the Appellate Mediation Panel, and further briefing was deferred;

WHEREAS, on October 22, 2007, a letter of completion of mediation was filed by J. Richard Tucker, Esq. (D.I. 4);

IT IS HEREBY ORDERED that:

The parties submit a jointly prepared proposed briefing schedule for the Court's consideration no later than January 18, 2008.

CHIEF UNITED STATES DISTRICT JUDGE

December __19__, 2007

FILED

DEC 19

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of his 'response to trustee's motion to quash' was  served via first class mail, postage prepaid, on this 27th day of March, 2008, upon the following:


Jeffrey S. Cianciulli
Suite 500
1339 Chestnut St.
 Phila. , PA.   19107-3519


Charles Zandford

March 27, 2008


Ronald Eberhard, Intake supervisor
U.S. District Court for the District of Delaware
4209 Federal Building
844 King Street, Room 4209
Wilmington, Delaware 19801


RE:  In Re: Charles Zandford
     Civil Action No. 07-611 GMS

Dear Mr. Eberhard,

     Enclosed for filing, please find the original, and a true copy of Appellant's
"Response to Trustee's Application for Relief in the Nature of a Motion To Quash."


Thank you for your assistance in this matter.



Charles Zandford
10 N.E. 4ʰ Street
Milford, DE. 19963
(302) 725- 0655



Charles Zandford
10 N 74 St
Milford DE 19963

WILMINGTON     MAR     27     2008     WILMINGTON, DE

Clerk
United States District Court
4209 Federal Building
844 King St., Room # 4209
Wilmington DE  19801