# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE: | : | |
| | : | |
| CHARLES ZANDFORD, | : | Bankruptcy Case No. 05-13305 |
| | : | |
| Debtor, | : | |
| | : | |
| CHARLES ZANDFORD, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | Civil Action No. 07-611GMS |
| | : | |
| TRUSTEE ALFRED THOMAS | : | |
| GIULIANO, | : | |
| | : | |
| Appellee. | : | |

## REPLY TO APPELLANTS RESPONSE TO APPLICATION FOR RELIEF
## IN THE NATURE OF A MOTION TO QUASH

Appellee, Alfred Thomas Giuliano, the Chapter 7 Trustee ("Trustee"), by and through his undersigned counsel, hereby replies to **Appellant's Response to Trustee's Application for Relief in the Nature of a Motion to Quash**, and in support thereof, states as follows:

1.      Appellant correctly states that pursuant to 28 U.S.C. Section 158(a)(3), it is the District Court, not the Bankruptcy Court, which must, on application for leave to appeal from an interlocutory order of the Bankruptcy Court, determine whether to allow an immediate appeal of an interlocutory order.

2.      However, it is clear from the record in this case that Appellant did not seek leave of this Court to appeal from the order at issue.  To the contrary, appellant stated in his Notice of Appeal, that the basis for his appeal was that the order in question was a final order and therefore immediately appealable as of right.

3.     Further, and quite notably, nowhere in his nearly 10 page opposition brief, does Appellant acknowledge that he failed to seek permission from any court, let alone from this Court, as was required.

4.     Appellant's citation to *In re Bertoli,* 812 F.2d 136 (3d Cir. 1987), and its clear mandate that leave to appeal an interlocutory order must be granted by the District Court, establishes that the Trustee's motion to quash this appeal must be granted because Appellant never sought such permission to appeal. Instead, Appellant believes the order in question to be a final order immediately appealable.

5.     Despite Appellant's unsupported statement to the contrary, the Order from which Debtor has appealed is not a final judgment, order or decree and, therefore, this Court does not have jurisdiction to hear this appeal pursuant to 28 U.S.C. §157(a)(1). Rather, this Court must first grant permission if requested.

6.     Trustee respectfully submits that this appeal should be dismissed because this Court lacks jurisdiction to hear this appeal.

7.    As provided in the Motion to Quash, the Trustee respectfully submits that a simple order compelling production of documentation, in the absence of some penalty for failure to comply (which has not been requested here), may not immediately be appealed.

WHEREFORE, Appellee, Alfred Thomas Giuliano, respectfully requests that this Court quash the instant appeal.

Respectfully Submitted,
WEIR & PARTNERS LLP


 /s/ Jeffrey S. Cianciulli, Esquire
Jeffrey S. Cianciulli, Esquire
Suite 500, The Widener Building
1339 Chestnut Street
Philadelphia, PA 19107
(215) 665-8181
Attorneys for Chapter 7 Trustee


Dated: April 7, 2008

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

IN RE:                                              :
                                                    :
CHARLES ZANDFORD,                                   :        Bankruptcy Case No. 05-13305
                                                    :
            Debtor,                                 :
                                                    :
CHARLES ZANDFORD,                                   :
                                                    :
            Appellant,                              :
                                                    :
            v.                                      :        Civil Action No. 07-611GMS
                                                    :
TRUSTEE ALFRED THOMAS                               :
GIULIANO,                                           :
                                                    :
            Appellee.                               :

## CERTIFICATE OF SERVICE

I, Jeffrey S. Cianciulli, Esquire, certify that I caused the foregoing Reply to Appellant's Response to Application for Relief in the Nature of a Motion to Quash to be served *via* first class mail on April 7, 2008 on the following:

Charles Zandford
10 N.E. 4th St.
Milford, DE  19963


                                            /s/ Jeffrey S. Cianciulli, Esquire
                                            Jeffrey S. Cianciulli, Esquire