

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | |
| CHARLES ZANDFORD | : | Bankruptcy Case No. 05-13305 |
| Debtor | : | |
| CHARLES ZANDFORD | : | |
| Appellant | : | |
| v. | : | Civil Action No. 07-611 GMS |
| TRUSTEE ALFRED THOMAS GIULIANO | : | |
| Appellee | | |

ON APPEAL FROM AN ORDER OF THE UNITED STATES BANKRUPTCY
COURT FOR THE DISTRICT OF DELAWARE

APPELLANT'S REPLY BRIEF

I.      **Introduction.**

The Trustee argues procedural points that are incorrect. The Trustee's substantive arguments lack citations to any authority other than the general requirements that a debtor must cooperate and that a Trustee's must investigate. Simply stated, the Trustee argues that a debtor is always wrong if he disagrees with the Trustee, and the Trustee appears to hope, understandably, to avoid the issue of the legal limit of his authority. This bully argument about duty to cooperate is not the law. Moreover, The Trustee fails to respond, legally, to issues raised by the debtor regarding the limits of what the Trustee can request. The Trustee offers arguments unrelated to the law and the facts raised by Appellant.

The issue is what the Bankruptcy Code requires, and the trustee's arguments do not address this issue. The provisions of the Code support the Appellant and conflict with the Trustee's arguments.

II.     **Preliminary statement**

A Chapter 7 discharge is based upon a statutory requirement that requires the trustee to diligently examine the financial affairs of the debtor, and in absence of fraud or other grounds for denial of discharge, to discharge the debtor. This case raises an unprecedented post-discharge discovery issue. Chapter 7 Trustee moved to compel Appellant to <u>turnover</u> 6 months of pre-petition bank statements 16 months after his discharge, <u>and in absence of any revelation of any sort that could justify such order</u>

The UST and the Trustee knew about these bank accounts long before Appellant's discharge on March 27, 2006. They were scheduled by Appellant. <u>Consequently, no argument can be made that these documents constitute new matters not known earlier to prompt Trustee's post-discharge turnover demand.</u> The trustee has failed to demonstrate that he lacked knowledge of

the bank accounts, and gives no reason for why these bank statements were not considered earlier, but are necessary now.

The UST and Trustee had time and opportunity to request these documents before Appellant's 11 U.S.C. §343 examination to promptly and efficiently determine whether other assets existed. Trustee could have also applied for an extension of time for filing a complaint objecting to discharge. Bankruptcy Rule 4004(a) and (b). In absence of an objection by trustee, Appellant was discharged by the Court. Bankruptcy Rule 4004( c)(1).

The Trustee commenced this action by filing a motion captioned as 'motion to compel turnover of documents to Chapter 7 trustee." Trustee now argues that this motion was not a turnover demand pursuant to §542 of the Code, and re-characterizes it as a 'mere demand' for Appellant to cooperate with trustee under 11 U.S.C. §521 and produce 6 months of his pre-petition bank statements.[1]

The issue of what can compel a debtor to produce materials is governed by 11 U.S.C. §521, and Bankruptcy Rule 4002, governing the duties of the debtor. Post-discharge production of materials is not specified in these provisions. Consequently, post discharge, Bankruptcy Rule 2004 provides the only authority for compelling a debtor to produce materials. **In re Rodwell**, 280 B.R. 100,103 (Bkrtcy. D.N.J. 2002); and **In re Gross**, 121 B.R. 587-595 (Bkrtcy. D.S.D 1990).

---

[1] References are made to the Bankruptcy Code, Title 11, U.S. Code, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as they existed prior to enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. 108-9, 119 Stat. 23 (Apr. 20, 2005). Debtors' petition, filed on May 25, 2005, preceded BAPCPA's effective date of October 17, 2005.

The Appellant underwent an 11 U.S.C. §343 examination before his discharge. The language of Rule 2004(b) specifically provides that the § 343 examination is conducted pursuant to Rule 2004. Bankruptcy Rule 2004(b) states the following in pertinent part:

> **"Bankruptcy Rule 2004(b) <u>Scope of Examination</u>. The examination of any entity under this rule <u>or of the debtor under Section 343 of the Code</u> may relate only to the acts, conduct or property or the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." (emphasis added).**

The Trustee's turnover demand is a camouflaged Rule 2004 request for production of documents. It is camouflaged because to subject the Appellant to a second Bankruptcy Rule 2004 examination, post discharge, the Trustee must provide a 'significant reason' for his request. The Trustee does not have a significant reason in support of his motion because nothing new has been presented to the Court that was not known long before Appellant's discharge. Consequently, the Trustee relies, without citation to any authority, on a bully argument that the Appellant must do anything the Trustee demands because the Appellant is required to cooperate with the Trustee under section 521(a)(3). This is not the law. It is the Bankruptcy Code according to the Trustee. The law is discussed below.

3

### III.   ARGUMENTS

**A.   Trustee's Rule 8006 Argument Misrepresents the Bankruptcy and District Courts' Docket Reports.**

Trustee goes to a great length to misrepresent entries made in both the Bankruptcy and District Courts' Docket Reports. Trustee's Rule 8006 argument and its supporting case law fail for the following reasons:

1. On July 31, 2007, trustee filed "Motion to Compel Debtor to Turnover Records to the Chapter 7 Trustee (Bkr. Docket # 97).

2. On September 6, 2007, a hearing was held before the Bankruptcy Court. Judge Walsh granted trustee's turnover demand (Bkr. Docket # 109).

3. On September 9, 2007, Appellant timely filed a Notice Of Appeal from Judge Walsh's order (Bkr. Docket # 110), and Appellant's Designations due date was set for September 24, 2007. Concurrently, Appellant filed several motions for reconsideration.

4. On September 19, 2007, and before his Designations due date, Appellant amended his Notice of Appeal (Bkr. Docket # 117), and the Bankruptcy Court extended his Designations due date to October 1, 2007.

5. On September 26, 2007, Appellant timely submitted his Designations (Bkr. Docket #120).

6. On December 13, 2007, a hearing was held before the Bankruptcy Court regarding Appellant's motions for reconsideration of the Bankruptcy Court's order of September 6, 2007. Appellant's Motion for reconsideration was denied. During this hearing, new evidence was introduced by the trustee and UST's representative, and Judge Walsh's statements raised new issues in the case which necessitated an amendment to Appellant's initial Designations.

7. On January 31, 2008, after receiving the transcript of the December 13, 2007 hearing, Appellant filed a Motion To Take Leave of Court To Amend Issues On Appeal and Designation of Record (D.I. # 7).

As the record indicates, Appellant was not late in submitting his initial Designations as stated by the trustee. Furthermore, the issues raised in his Appeal Brief are not impermissible or waived as trustee claims, because they consist of those designated in his motion to take leave of court to amend issues on appeal and designation of record <u>due to related new matters raised in</u>

the December 13, 2007 hearing before the Bankruptcy Court. The trustee did not oppose this motion.

**B.   This Appeal Poses a Pure Question of Law and the Standard of Review is De Novo.**

Trustee, understandably, wants the Court to review the decision of the Bankruptcy Judge on the basis of an abuse of discretion standard. The law requires **de novo** review because Appellant challenges the legal standard to be applied not the weighing of the facts. In support of his position, trustee cites **Public Loan Co. Inc. v. Fed. Deposit Ins, Corp.**, 803 F.2d 82 (3rd Circuit 1986)[2]. This case is distinguishable. **Public Loan Co Inc.**, briefly discusses a district court's review of its discovery orders after final judgment pursuant to the abuse of discretion standard. **Id** at 86. Obviously, the District Court has not issued a final judgment in this bankruptcy case. Furthermore, the issue on appeal is not a particular discovery dispute that is subject to the abuse of discretion standard. This appeal raises a question of law. In his Amended Notice of Appeal, Appellant states the following:

> "The question of law for the District Court's determination is whether the Trustee has carte blanche to conduct discovery at any time he/she so desires after the debtor's discharge (more than a year ago) and in absence of any new discovery that he/she did not and could not have known prior to debtor's discharge."

Here, the appeal involves a discovery dispute, but the issue is the legal standard applicable to it. The answer to this question is drawn from the Bankruptcy Code, case law, and rules, and as such, are legal conclusions subject to de novo review. ( We review the Bankruptcy Court's findings of fact for clear error and exercise plenary review over questions of law. **In re Fruehauf Trailer Corp.**, 444 F.3d 203, 209-10 (3d Cir.2006); (proper construction of a

---

[2] The Appellants in **Public Loan Co. Inc.**, were denied their discovery request due to their **dilatoriness** and the unreasonableness of their request. **Public Loan Co. Inc.**, at 86.

5

bankruptcy statute is a legal issue, subject to de novo review); **In re Investment Bankers, Inc.**, 4 F.3d 1556, 1560 (10th Cir. 1993), cert. denied, 114 S. Ct. 1061 (1994).

C.    **Limits to Trustee's Authority.**

The Trustee, understandably, wants no limit to his authority. He fails to cite any authority for his wish. This bully approach of "You have to cooperate with anything I demand" lacks any reference to Bankruptcy Code for support.

The Trustee's response to the authority cited by the debtor is little more than saying that it doesn't apply and that no authority exists. The Trustee ignores Appellant's authority, **Gross**, 121 B.R. 587 (Bkrtcy. D.S.D. 1990). Conspicuously absent from the Trustee's argument is any discussion of the principles used in **Gross** to limit the authority of the Trustee to investigate. The Bankruptcy Code is to be interpreted as a whole, with the different sections interrelated. Trustee's duty to investigate, as any duty, must be examined within the context in which the duty applies in order to determine the scope or extent of such duty. **Gross** at 591. The fact that **Gross** concerned a Chapter 12 (not Chapter 11) plan is irrelevant to the underlying issue, the limits of the Trustee's authority under Rule 2004. Rule 2004(b) specifically states that it applies to all Chapters of the Code.

The Trustee also chooses to use a ridiculous and irrelevant argument in place of a legal one and to ignore basic principles of the law. Disaster will befall the Bankruptcy system. See trustee's Reply Brief, footnote 5, p. 11. The law cited and the ruling requested by the Appellant would not require objection to every discharge. Under the law that Appellant cites, Trustee retains the right to investigate post-discharge as long as he can show a significant reason. No

further investigation is prevented. Appellant hopes the Court will not be fooled by the Trustee's cry that the sky will fall.

Moreover, the Trustee's exaggerated argument ignores **two** important principles. First, the failure of the Trustee to object to discharge is established by the Bankruptcy Code as a meaningful act. A discharge is based on the Trustee reviewing a debtor's estate and informing the Court if further investigation or an objection are needed. The Trustee is required to investigate and object. 11 U.S.C. §704(4)&(6). The Court is specifically required to grant a discharge "unless" the Trustee informs the Court of a need to do more: "the court shall forthwith grant discharge unless . . . .: Rule 4004(c)(1). Plainly, if the Court is required to rely on the Trustee's statement, or lack of a statement, the statement is meaningful. Here the importance of the Trustee's statement as meaningful requires that, in order to change the statement later, significant evidence of why the statement was not reliable when in it was made must be presented.

Second, the Court's order issuing Appellant's discharge also should be meaningful. The Bankruptcy Code sets out in detail the effect of a discharge, and it is an important and powerful order that takes effect immediately. 11 U.S.C. § 524. The Code, before discharge, specifies that the debtor must produce specified materials and appear for an examination and requires the Trustee to investigate the assets of the debtor and report to the Court about the need for further investigation and the propriety of a discharge. , 11. U.S.C. §§ 341, 521, 704; Rule 4002, Rule 4004(c)(1). The ruling the Appellant requests here, and the case law that Appellant cites, honor the magnitude of the Court's order, reliance, and the requirements of the Code by requiring that significant evidence be presented to justify either saying that the Trustee's representations on

7

which the order was based were unreliable or allowing discovery that could change the order. To rule otherwise would make the discharge order less important.

The Trustee goes one step further and argues that no authority exists. This is incorrect. To the extent that the Trustee made the request for the documents under Rule 2004 and not for a turnover order, other authority exists under Rule 2004 that the Trustee must provide a significant reason as a basis for a Rule 2004 examination post discharge. The authority is both the language of the comments to the rule and case law interpreting the right to additional examination. They demonstrate that a Rule 2004 examination was intended as a pre-discharge means of investigation and that investigation after the Rule 2004 examination requires a <u>significant reason</u>.

The comments to Rule 2004 state that it is a continuation of "former Bankruptcy Rules 205(d) and 11-26." Rule 11-26 specifically states that the examination is intended as a pre-discharge tool:

> This rule adds, as within the scope of the examination, inquiries concerning the means with which the debtor <u>proposes</u> to carry out the provisions of his <u>proposed</u> plan and any promises or transfers used to obtain such means from third parties. <u>In determining whether to accept or reject a plan, creditors should have all relevant information placed before them</u>; <u>similarly, the court required the pertinent data to determine</u> whether a proposed plan is in the best interest of creditors and is feasible.

<u>This explanation of Rule 2004 shows that any broad discretion regarding the Trustee's investigation was intended to apply to pre-discharge matters.</u>

Two cases under the old Rules ruled on the issue of the limits of a creditor to obtain a second Rule 2004 examination.

**In re Reuter**, 8 F.2d 112,(D.C. W.D. PA. 1925), the Court ruled, in part, on the basis that, "[o]n the merits," "no reason" was given for why the creditors did not examine the debtor (emphasis added):

8

> On the merits, we do not think the application to examine the bankrupt should be allowed, for there is no reason alleged why the opposing creditors did or could not avail themselves of the opportunity afforded to examine the bankrupt when he did appear for that purpose before the referee.

Here, as in Reuter, trustee offers "no reason" for the additional examination beyond desire and inadvertence.

In **Petition of Oppenheim**, 297 F.786, 788(1st Cir. 1924), the Court's ruling was based on the facts that the books and records of the debtor had been available previously, that the transcript of the earlier examination had been made available, and that the creditor declined to examine the debtor when given an opportunity:

> The mere fact that the books and records of the bankrupts' business were not in court at the time the petitioner was called upon to examine the bankrupt is not controlling. Especially is this true when it is considered that for a series of months the petitioner and his counsel had been given the privilege of examining the books and records of the bankrupt at their pleasure, and had not requested their production at the hearing; that they had been seasonably provided with a transcript of the trustee's examination; and that, when called upon to proceed with their examination, they had declined to do so. If it be assumed, as petitioner contends, that he was entitled as of right to an opportunity to examine the bankrupts, by virtue of section 7, par. 9, and section 21a of the Bankruptcy Act (Comp. St. Secs. 9591, 9605), we think there was evidence from which the District Court was warranted in finding that he was accorded the opportunity and failed to avail himself of it.

The facts from each of the cases also are present here along with the lack of any significant reason for another examination. The facts here involve a request many months after discharge and the fact that discharge here was substantially after the times in these cases when further discovery was denied.

Consequently, the Appellant's case presents authority from both the Bankruptcy Code and cases that establish a limit on the Trustee's authority for new discovery that is less restrictive than the limits created by earlier cases. Furthermore, the limitation can be traced to the Trustee's

9

own representation that no further investigation was required, the Court's reliance on the representation, and the fact that no new information is presented to support the request that was not present before discharge.

Notably, the Trustee's Rule 2004 request is not based on the Appellant's failure to produce required documents, 11 U.S.C. § 521, Rule 4002, or desire to hide documents. The Appellant has produced all documents requested and produced the requested documents to the Court for filing under seal.

### D. Cooperation And Investigation Differ From Authority For Discovery.

The Trustee argues that the Appellant must produce anything requested by the Trustee because the Appellant has a duty to cooperate and because the Trustee has a duty to investigate. The Trustee does not and cannot support this bully argument with any law. Furthermore, this bully argument conflicts with the statutory scheme of the Bankruptcy Code. The Code is very specific about stating that debtors must produce certain materials and identifying the materials that must be produced. 11 U.S.C. § 521,(a)(1), (2), (b),(c), (f)(h); Rule 4002. The cooperation section does not specify any production or any materials. 11 U.S.C. § 521(a)(3).

Therefore, two bases exist from this statutory scheme from which the Court must conclude that the cooperation section does not include production requirements. First, if cooperation meant produce anything requested, there would not be any need to have the sections specifying the requirements to produce materials and to specify the materials to be produced. The production sections would be irrelevant if cooperation meant produce anything asked. Second, because the Code specifies production requirements in some sections and not in others, production should be interpreted to apply only to the section in which production is specified.

E.      <u>**Trustee's Post-Discharge Discovery Request is a Fishing Expedition Intended to Attack Appellant's Discharge.**</u>

Judge Walsh plainly misunderstood the applicable law, when he stated : <u>**"I've never faced this issue before"**</u> (Appeal Brief, Exhibit 5, Page 7, line 9).

Trustee tries a verbal smoke screen to hide a point about seeking revocation of a discharge. The brief would have the Court believe that that Trustee will not seek revocation. However, the Trustee's words are different, and the Trustee specifically rejected earlier any stipulation that he would not seek revocation.

Here, Trustee wants the Court to believe but does not say he will not seek revocation. He talks around it: **"Does Not Intend,"** **"does not seek,"** and **"believes he is precluded . . . under Bankruptcy Code §727(d)(1)."** These <u>words</u> are smoke screen. None of <u>**them**</u> will bar the trustee **<u>from seeking revocation later</u>**. The Bankruptcy Judge understood the issue and asked the trustee plainly on December 13, 2007 hearing if the trustee would not seek revocation in exchange for the bank statements, and the trustee stated that he could not make that representation. See Appellant's Brief Exhibit 5, Page 17, lines 15-19:

> THE COURT: Okay. Well it strikes me that one solution here is, and <u>I don't know whether the Chapter 7 Trustee wants to do this, but possibly involving the U.S. Trustee is to stipulate that you will not seek a revocation of the discharge.</u>
> MR. HARRINGTON: I understand that your honor. <u>I'm not in a position to agree or not agree to that at this time</u>, but I think that is a suggestion.

As a matter of law, Appellant can not be subjected to a §727(d)(1) given the passage of more than a year. However, the Trustee cagily ignores another provision of 11U.S.C. §727(d), namely §727(d)(2). While 11 U.S.C. §727(d)(2) refers to property of the estate "acquired" by a debtor, this language includes <u>pre-petition</u> property interests. **In re Yonikus**, 974 F.2d 901, 903-904 (7th Cir. 1992).

The reason is obvious why the Trustee does not speak fairly to this Court. The Court should recognize the argument for what it is and reduce the credibility of Trustee.

### F. The Bankruptcy Court Erred in its Assumption that the Standard of Broad Discretion of the Trustee to Examine the Financial Affairs of a Debtor Before Discharge Also Applied After Debtor's Discharge.

### 1. Trustee has Broad Discretion Before Debtor's Discharge.

The trustee's 'broad discretion' to examine the financial affairs of a debtor is derived from a statutory scheme which allows him <u>to exercise discretion as he deems necessary to determine the debtor's financial condition and to make the determination as to deny discharge or not object to debtor's discharge</u>. To this end, Congress has granted the trustee ample tools and opportunity to investigate a debtor's financial affairs, and to efficiently locate situations of omitted assets or transactions that can be dealt with <u>prior to a debtor's discharge.</u>

In a chapter 7 liquidation case, the primary duty of a Chapter 7 trustee is to collect and reduce to money the assets of the estate and make appropriate distribution of the proceeds to creditors. 11 U.S.C. §§ 704(a)(1) and 726.

11 U.S.C. §704 give the trustee the authority to investigate, and §727 (a)(1)-(6) provide the grounds for a <u>denial of discharge</u> which are quite broad and include not only the debtor's fraudulent conduct in a case or a related case, but also the debtor's failure to keep adequate books and records, failure to explain the loss or diminution of assets, failure to turnover records to the trustee or United States Trustee, destruction of books and records or assets of the estate, and refusal to obey a court order.

The Code also provides the Chapter 7 trustee with numerous discovery tools to examine the debtor's financial affairs under 11 U.S.C. §§§, 341, 343, 727(c)(2), and Bankruptcy Rule 2004.

Thus, the Code provides the Chapter 7 trustee with broad statutory authority and discretion to determine the financial condition of the debtor and decide whether to object or not object to debtor's discharge.

<u>Such broad authority as outlined above applies only to a bankruptcy case's pre-discharge status.</u> Judge Walsh's pronouncement that "The U.S. Trustee and the Chapter 7 Trustee have broad discretion to examine the financial affairs of a debtor, and this Court is not going to impose a limitation on that discretionary authority" (Appeal Brief Exhibit 4, p.12, lines 20-23), fairly applies to the subject of the examination but not to the timing of the examination. After discharge, the Trustee's broad discretion is strictly narrowed because the Trustee already has examined the financial affairs of the debtor and represented to the Court that no further investigation is required and no objection is appropriate and because the Court has relied on this representation and issued a discharge order. Bankruptcy Rule 4004(c )(1), 11 U.S.C. §727(a). <u>Furthermore, the only discovery tool that is available to the trustee post-discharge, and in a narrow context, is Bankruptcy Rule 2004.</u> **In re Rodwell,** 280 B.R. 100,103 (Bkrtcy. D.N.J. 2002); **In re Gross,** 121 B.R. 587-595 (Bkrtcy. D.S.D. 1990)[3].

Judge Walsh's pronouncement can not justify his order granting the trustee's 2004 Motion, because it fails to differentiate between the breadth of the trustee's discretion before and after a debtor's discharge as dictated by pertinent statutory language and case law.

---

[3] The fact that **Gross** concerned a Chapter 12 plan is irrelevant to the underlying issue. Rule 2004(b) specifically states that it applies to all Chapters of the Code.

13

## IV. **Conclusion**

The Appellant, Charles Zandford, asks the Court to reverse the order of Judge Walsh issued on September 6, 2007 that ordered the Appellant to produce certain documents.

Respectfully submitted,

_____
Charles Zandford
10 N.E. 4th St.
Milford, Delaware 19963
(302)725-0655

14

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of ' **APPELLANT'S REPLY MOTION"** was served via first class mail, postage prepaid, on this 15th day of April 2008, upon the following:

    Jeffery S. Ciannciulli
    Suite 500
    1339 Chestnut St.
    Phila., PA. 19107-3519


_____
Charles Zandford
10 N.E. 4th St..
Milford, DE  19963
(302) 725-0655