IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | |
| CHARLES ZANDFORD | : | Bankruptcy Case No. 05-13305 |
| Debtor | : | |
| CHARLES ZANDFORD | : | |
| Appellant | : | |
| v. | : | Civil Action No. 07-611 GMS |
| TRUSTEE ALFRED THOMAS GIULIANO | : | |
| Appellee | | |



FILED
APR 18 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Scanned

## APPELLANT'S MOTION TO TAKE LEAVE OF COURT TO ADD 4 MISSING PAGES TO HIS APPEAL BRIEF

The Appellant, Charles Zandford, respectfully requests to take leave of Court to add 4 missing pages to his substitute 'Appellant's Brief.'

Appellant recently filed a motion to take leave of Court to substitute his "Appellant's Brief" due to his discovery that he had mistakenly filed the draft copy of said brief, and to withdraw this brief that was filed with the Court on February 25, 2008.

Due to haste, Appellant failed to include the attached 4 missing pages in his substituted "Appellant's Brief." A complete copy of "Appellant's Brief" is also attached. The exhibits to the substitute "Appellant's Brief" were filed under separate cover. Appellant respectfully requests that this copy of exhibits be attached to his complete substitute "Appellant's Brief." Appellant apologizes to the Court for this mistake.

Respectfully submitted,

*Charles Zandford*
Charles Zandford
10 N.E. 4th St.
Milford, DE. 19963
(302)725-0655

2.  **The Trustee's Turnover Demand Is Legally Defective And Should Have Been Denied On Procedural and Substantive Grounds**

The Trustee's Turnover demand is legally defective and relies on pre-discharge sections of the code as its basis for its post discharge demand. On March 8, 2007, the Trustee's Counsel made an informal written request to Appellant for copies of all his bank account statements for the six-month period immediately preceding the filing of his pro se bankruptcy case on October 11, 2005. Appellant did not comply with the request due to Trustee's lack of referral to any legal authority in support of the turnover demand. On July 31, 2007, Trustee invoked the turnover provision of 11 U.S.C. 542(a) and filed a **"MOTION TO COMPEL DEBTOR TO TURNOVER RECORDS TO THE CHAPTER 7 TRUSTEE."** (Docket # 97)( Exhibit 3). A motion to compel turnover of property constitutes an 11 U.S.C. §542 action. See, e.g., **Brown v. Pyatt (In re Pyatt),** 486 F.3d 423, 425 (8th Cir. 2007) (an old code case).

Trustee's turnover demand, however, does not reference §§542 and 543 which govern a turnover demand. Instead, Trustee relies on §521(a)(3) and (4) and §704(a) as its legal authority, and nothing else.

A turnover demand is not a discovery tool, and §521(a)(3) and (4) and §704(a) do not provide the legal basis for a turnover demand. These Sections in pertinent parts govern the statutory duties of a debtor and a trustee before a debtor's discharge is granted or denied, and as such, have no relevance to a §542 action. Implicit in a turnover demand is the trustee's knowledge of the existence of specific asset(s) he seeks to recover **Id.** In this case, the Trustee seeks a fishing expedition in the hopes of finding additional assets, which legally contradicts a § 542 turnover action .

20

To prevail in a turnover action under § 542, the party seeking turnover must establish (1) that the property is or was in the possession, custody or control of an entity during the pendency of the case, (2) that the property may be used by the trustee in accordance with § 363 or exempted by the debtor under § 522; and (3) that the property has more than inconsequential value or benefit to the estate. See **Alofs Mfg. Co. v. Toyota Mfg., Ky., Inc. (In re Alofs Mfg. Co.), 209 B.R. 83, 91 (Bankr. W.D. Mich. 1997) (citing McClatchey v. Ohio PublicEmployees Deferred Compensation Program (In re Matheney), 138 B.R. 541, 548 (Bankr. S.D. Ohio 1992)); see also Kerney v. Capital One Fin. Corp. (In re Sims), 278 B.R. 457, 475 (Bankr. E.D.Tenn. 2002)** (to be recoverable under § 542(a), property must be "exemptible by the debtor or usable, sellable, or leasable by the trustee under § 363").

The chapter 7 trustee, as the party seeking turnover, bears the burden of proving each element by a preponderance of the evidence. **UnitedStates v. Chalmers (In re Wheeler), 252 B.R. 420, 425 (W.D. Mich. 2000) (citing In re Alofs Mfg Co., 209 B.R. at 89-91).** The record is devoid of such evidence, and the Trustee's motion for turnover of documents should have been denied as procedurally and substansively defective.

In the alternative, Trustee's turnover demand can not be construed as a Rule 2004 (c) examination, because no such application was made to the Bankruptcy Court. And last but not least, Trustee's Turnover demand is not a motion to compel, because Trustee does not know what assets if any exist. Even if one was to give the Trustee the benefit of doubt by considering his motion as a motion for production of documents under F.R.C.P. Rule 34, it would still be legally defective based upon the legal authorities cited therein.

21

Section 521 defines the duties of the debtor, and Section 704 defines the duties of the trustee. Trustee cites §§521(a)(3) and (4) which must be read in conjunction with §521(a)(5) which references §524(d)- <u>a pre-discharge duty of a debtor</u>, and §704(a) which must be read in conjunction with subsections (a)(4) and (a)(6). Section 704(a)(4) gives the trustee statutory authority to investigate the financial affairs of the debtor, and section §704(a)(6) gives the trustee statutory authority to oppose the discharge if necessary. <u>These are pre-discharge duties of the debtor and the trustee, and do not support the Trustee's motion to conduct discovery after Appellant's discharge.</u>

The Bankruptcy Code girds the Trustee with numerous powers and duties. The extent of the powers and duties is not infinite **In re Gross, 121 B.R. 587, 591 (Bkrtcy. D.S.D., 1990)**. Trustee's duty to investigate, as any duty must be examined within the context the duty applies in order to determine the scope or extent of such duty **Id at 595**. The scope of Trustee's duty to investigate must be considered with the Appellant's post-discharge status. Here, the Trustee cleverly attempts to re-shuffle the statutory scheme governing the Trustee's pre-discharge duty to investigate, and the debtor's pre-discharge duty to cooperate with the Trustee, and apply them to the Appellant's post-discharge status. The code does not provide such authority to a Court or a Trustee. To quote from **In re Delta Air Lines, 341 B.R. 439, 445 (Bankr. S.D.N.Y. 2006)**: " …The intent of Congress must be presumed to comport with the plain and ordinary meaning of the words in the statute as Congress wrote it, and it is not for the court to substitute its judgment in the guise of divining Congressional intent through creative "construction.""

<u>Trustee's motion irrespective of its caption is defective, and should have been denied on both procedural and substantive grounds</u> . 16 months after Appellant's

22

23

discharge, in absence of discovery of misconduct, and the Trustee's utter failure to offer a valid legal or factual basis to support his turnover demand action, his conduct constitutes abuse of Trustee's authority.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of 'APPELLANT'S MOTION TO ADD 4 MISSING PAGES TO HIS SUBSTITUTE 'APPELLANT'S BRIEF,' was served via first class mail, postage prepaid, on this 17th day of April 2008, upon the following:

Jeffery S. Ciannciulli
Suite 500
1339 Chestnut St.
Phila., PA. 19107-3519


Charles Zandford
10 N.E. 4th St.
Milford, DE. 19963
(302) 725-0655

Charles Zandford
10 N E 4th St
Milford DE 19963



Clerk
United States District Court
4209 Federal Building
844 King St Room # 4209
Wilmington, DE 19801






U S POSTAGE
PAID
MILFORD DE
19963
APR 17 08
AMOUNT
$4.60